```
UNITED STATES DISTRICT COURT                    NOT FOR PUBLICATION
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

BARRY WILLIAMS,
                                                MEMORANDUM
                    Plaintiff,                  AND ORDER
        -against-
                                                11-CV-1348 (JG) (LB)
ELIZABETH ELLIOT; New York City
Housing Authority,

                    Defendants.
----------------------------------------------------------------x
```

JOHN GLEESON, United States District Judge:

On March 18, 2011, plaintiff Barry Williams commenced this *pro se* action alleging civil rights violations, discrimination, and defamation of character. Williams seeks $10 million in damages. I grant Williams's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. I dismiss the complaint but grant Williams leave to amend his complaint within 30 days as set forth below.

## BACKGROUND

Williams alleges that sometime in 2009 or 2010 he had to return to New York from Connecticut to help his son, who had taken over Williams's apartment when Williams moved to Connecticut, make rental payments and avoid eviction. Williams further alleges that the reason his son fell behind in his rental payments is because defendant Elizabeth Elliot, employed at the New York City Housing Authority, failed to adjust the monthly rent from a figure that had been based on Williams's income to a more appropriate level based on his son's lower income. Specifically, Williams is "sueing [sic] Ms. Elizabeth Elliot and the New York Housing Authority for 10 million dollars – on the basis that she tried take [sic] my apartment

from my son by deliberately not adjust [sic] the rent in his income. I'm suing base [sic], discrimination, defamation of character." (Compl. at 2.)

DISCUSSION

A. *Standard of Review*

In reviewing the complaint, I am mindful that Williams is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quotation marks and ellipsis omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a complaint filed *in forma pauperis* may be dismissed "at any time" upon determination that the action is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Where a liberal reading of the pleading "gives any indication that a valid claim might be stated," I must grant leave to amend it at least once. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotation marks omitted).

B. *Civil Rights, Discrimination, and Defamation of Character Claims*

Williams alleges "violation of civil rights," "discrimination," and "defamation of character." (Compl. at 1-2.) An action for the violation of civil rights is commenced under 42 U.S.C. § 1983 and requires Williams to allege that "the conduct complained of [was] committed by a person acting under color of state law," *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994), and that "the conduct complained of . . . deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* Here, Williams does not allege any basis for his "violation of civil rights" claim. (Compl. at 1, ¶ III.) To the extent this claim is related to the alleged failure to adjust the rental payments due on his apartment, it fails to state a

claim under § 1983. *Kitchen v. Phipps Houses Grp. of Cos.*, 380 Fed. Appx. 99, 101 (2d Cir. June 9, 2010). Housing matters, including rental payment disputes, are not generally matters for the federal court. *See generally Rosquist v. St. Mark's Realty Assoc.,* No. 08-CV-2764, 2008 WL 2965435, at *2 (E.D.N.Y. Aug. 1, 2008) (citing *Galland v. Margules*, No. 05 Civ. 5639, 2005 WL 1981568, at *1 (S.D.N.Y. Aug. 17, 2005) (collecting cases)). Williams should pursue his available remedies through city or housing agencies and thereafter, if necessary, in the state court.

Williams also alleges "discrimination," but that claim is merely a legal conclusion that is not supported by any facts set forth in the complaint. *Kitchen,* 380 Fed. App'x at 101. A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' . . . will not do. Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 557 (citation and brackets omitted)).

Finally, Williams alleges "defamation of character," but again this is a legal conclusion for which Williams provides no facts. In any event, there is no federal cause of action for defamation because interest in one's reputation is not a right, privilege, or immunity protected by the Constitution or laws of the United States. *Paul v. Davis*, 424 U.S. 693, 711-12 (1976); *Sadallah v. City of Utica*, 383 F.3d 34, 38 (2d Cir. 2004) ("Defamation . . . is an issue of state law, not of federal constitutional law, and therefore provides an insufficient basis to maintain a § 1983 action.").

CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Any state law claims are dismissed without prejudice to the filing of those claims in state court. In light of Williams's *pro se* status, I grant him leave to file an amended complaint as to any civil rights and discrimination claims within 30 days from the entry of this order. All proceedings shall be stayed for 30 days or until Williams files an amended complaint, whichever is sooner.

If Williams elects to file an amended complaint, that submission should be captioned "AMENDED COMPLAINT" and bear the same docket number as this order, 11-CV-1348 (JG)(LB). The amended complaint shall replace the original complaint and shall be reviewed pursuant to 28 U.S.C. § 1915(e)(2)(B). In the amended complaint, Williams must provide a statement of claim, including the date(s) of all relevant events and a brief description of what the defendant allegedly did or failed to do that violated Williams's civil rights and/or was the basis for discrimination.

If Williams fails to file an amended complaint within 30 days from the entry of this order, judgment shall enter dismissing the complaint for the reasons set forth herein. 28 U.S.C. § 1915(e)(2)(B). I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

JOHN GLEESON, U.S.D.J.

Dated: Brooklyn, New York
April 5, 2011